WILHELMINA CONDE WIDOW OF RODRÍGUEZ, Plaintiff and Appellant, *v.* THE NEW YORK DEPARTMENT STORE ET AL., Defendants and Appellees.

No. 10022. Argued February 1, 1950.—Decided May 31, 1950.

*Romany & Romany* for appellant. *F. Prieto Azúar* for appellees.

Per Curiam: The plaintiff sued the defendants for damages. After a trial on the merits, the district court made the following findings of fact:

"That on April 24, 1947, between 4:00 and 5:00 p.m., the plaintiff, attracted by the announcement of a special sale, entered into the commercial establishment of the defendant The New York Department Store Inc., situated in Fortaleza and San José Streets of this city, to do some shopping. At the time there was a rather large number of customers, although not a crowd, in the establishment. This notwithstanding, the customers could walk freely on the same floor that plaintiff was; that the plaintiff drew near a show window displaying some fans, and looked at them. Some other customers, mostly women, were near her. At the time, plaintiff stood as close as possible to the staircase, at an approximate distance of one or one and a half foot from the entrance thereof. The staircase on which she stood was plainly visible since it was illuminated. The plaintiff kept moving towards her left side without watching her step, until she finally landed her foot in empty space tripping over some steps towards the first landing; that the show window which contained the fans did not obstruct in any form or manner the free access to the staircase leading to the basement, neither did it block the hall; that the staircase had a vertical sign which read 'Basement,' and which was placed at the entrance thereof in such a way as to be plainly visible from a great distance within the floor; that the staircase has handrails which are easily available from the moment any one intends to make use thereof in order to go down to the basement; that neither the show window containing the fans, nor any show case on the floor involved herein, nor any object or thing whatever were displayed in an out-of-the common way, that is, they were displayed in the usual way that similar commercial establishments keep them for the public, and there was nothing in the show cases or on the floor in question which would attract the sight or attention of the customers beyond the ordinary or reasonable; that neither the display of merchandise in the show cases nor the show cases nor any other thing could in any way confuse the customers, each thing being, because of its contexture and the lights, easily discernible; that there was no strange or slippery matter on the floor, the staircase, or the halls.

"That upon landing her foot in empty space and falling on the first landing, the plaintiff suffered a comminuted fracture at the neck of the humerus; that on April 25, 1947 she was taken to the hospital where she remained until May 3 of that same year; that she had to be treated subsequently until June 9 when

she started getting physiotherapy treatment under Dr. Pila's care in Ponce; that the fracture is completely consolidated, considering the callouses or new bones surrounding it, and that she can normally move her arm."

Based on these facts and after citing various cases in its conclusions of law, the district court entered judgment for the defendants.

██ On appeal, the plaintiff assigns the following errors:

"1. The district court committed error herein in maintaining that the New York Department Store was not negligent when the evidence showed that it kept within its establishment a staircase the entrance to which was unprotected and that it kept it entirely surrounded by glass cases, show cases and merchandise which hid it from the customers and it also kept, as close as possible to the staircase entrance, a show case on which it displayed fans for sale.

"2. The lower court committed error in maintaining that the plaintiff was negligent simply because she kept moving towards her left side *without 'watching her step, until she finally landed her foot in empty space.'*

"3. The lower court committed error in not entering judgment for the plaintiff and ordering the defendants to pay to the plaintiff the damages she suffered."

Insofar as these errors attack the weighing of the evidence by the lower court, we can find no manifest error by the lower court. Accepting the facts as found by the lower court, none of the numerous cases cited by the appellant in her brief is applicable. Under these facts, we think the district court was clearly correct in entering judgment for the defendants.

The judgment of the district court will be affirmed.

Mr. Chief Justice de Jesús and Mr. Justice Todd, Jr., dissent because they deem that the owner of a commercial establishment is guilty of negligence if he places a show window displaying articles for sale, at a distance of approximately

one or one foot and a half from a staircase which is not prepared in such a way as to prevent any customer examining the merchandise from falling downstairs. They maintain that such establishments should offer a reasonable degree of safety to all persons entering them.